IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal Nos. 21-490 & 25-120 |
| | ) |
| KENYETTA JONES | ) |

**MEMORANDUM ORDER**

On October 11, 2023, Defendant Kenyetta Jones was sentenced to a term of 60 months' imprisonment and a 3-year term of supervised release following his guilty plea in Criminal No. 21-490 to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. No. 21-490, Docket No. 81). On October 9, 2025, Defendant was sentenced to a term of 15 months' imprisonment and a 3-year term of supervised release following his guilty plea in Criminal No. 25-120 to escape from custody, in violation of 18 U.S.C. § 751(a). (Crim. No. 25-120, Docket No. 31). Defendant did not file a direct appeal of his conviction or sentence in either case, nor has he filed any collateral proceeding attacking his conviction or sentence in either case.

On December 5, 2025, Defendant filed a pro se Motion for Sentencing Transcripts, (Crim. No. 21-490, Docket No. 84; Crim. No. 25-120, Docket No. 33), in which he requested that he be provided with a copy of his sentencing hearing transcript in each case free of charge. In a Memorandum Order dated December 5, 2025, the Court denied Defendant's Motion. (Crim. No. 21-490, Docket No. 85; Crim. No. 25-120, Docket No. 34).

On January 7, 2026, Defendant filed another pro se Motion for Sentencing Transcripts, (Crim. No. 21-490, Docket No. 86; Crim. No. 25-120, Docket No. 35), in which he once again

requests that he be provided with a copy of his sentencing hearing transcript in each case free of charge. Defendant's Motion will be denied for the reasons previously stated, which the Court will repeat herein for clarity.

Pursuant to 18 U.S.C. § 3006A(e)(1), a court shall authorize an indigent defendant to obtain services, including documents, for adequate representation only upon a finding that the services are necessary and that the defendant is financially unable to obtain them. *See United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) ("Necessary transcripts are included within the 'services' authorized."). The burden is on the defendant making the request to show necessity. *See United States v. Pitts*, 346 F. App'x 839, 841-42 (3d Cir. 2009) (the defendant has the burden of establishing necessity by "demonstrat[ing] with *specificity* the reasons why such services [or transcripts] are required") (emphasis in original) (citation omitted).

Once again, Defendant simply requests a copy of his sentencing hearing transcript in each case for a "pro se appeal [he] intend[s] to present." (Crim. No. 21-490, Docket No. 86; Crim. No. 25-120, Docket No. 35). As to each case, Defendant does not currently have an appeal pending, the time period for filing an appeal has long since passed, and he has no collateral proceeding pending. In light of these circumstances, Defendant is not entitled to the sentencing hearing transcripts he requests free of charge. *See United States v. Jackson,* 302 F. App'x 122, 123 (3d Cir. 2008) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.")); *Raghunathan*, 288 F. App'x at 4 (relevant statutes do not authorize the Government to pay for a transcript where no proceeding is pending); *United States v. Moran*, Crim. No. 21-21, 2023 WL 4295828, at *1 (W.D. Pa. June 30, 2023) (Hardy, J.) (denying the defendant's request for sentencing hearing transcript at the Government's expense where no

proceeding was pending); *United States v. Smith*, Crim. No. 04-309-2, 2010 WL 11534344, at *1 (W.D. Pa. Aug. 2, 2010) (Diamond, J.) ("[T]here is no basis for the court to grant a motion for transcripts when no proceeding of any kind is pending."). Accordingly, the Court enters the following Order:

AND NOW, this 13th day of January, 2026, IT IS HEREBY ORDERED that Defendant's pro se Motion for Sentencing Transcripts, (Crim. No. 21-490, Docket No. 86; Crim. No. 25-120, Docket No. 35), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

    Kenyetta Jones (via U.S. mail)
    Reg. No. 81777-509
    USP Hazelton
    U.S. Penitentiary
    P.O. Box 2000
    Bruceton Mills, WV  26525